UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RILWAN OLASUNKANMI ALOWONLE,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS – MCF/WRML CORRECTIONS WORKER FOOD SOLUTIONS (CWF), JOAN FABIAN, DAN HILLEREN, BECKY DOOLEY, JIM BENSON, SANDY O'HARA, JULIE NUMMELA, PATRICK ALAN STEVENS, MICHELLE HENDRICKSON, TAMMY WARD, CLAUDIA HAHN, BECKY PEMBERTON, SERGEANT JERRY SPIESS, SERGEANT K. OQUIST,  and LIEUTENANT HAGLUND,<br><br>    Defendants. | Civil File No. 09-1898 (ADM/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

Plaintiff, an inmate at the Minnesota Correctional Facility at Moose Lake, Minnesota, commenced this action by filing a self-styled complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) He did not pay the $350.00 filing fee prescribed by 28 U.S.C. § 1914(a), but instead submitted the application for IFP status that is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he is required to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). In this case, Plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $39.65.

By order dated August 3, 2009, (Docket No. 4), Plaintiff was instructed to pay his initial partial filing fee of $39.65 within twenty days. The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

After Plaintiff received the order directing him to pay his initial partial filing fee, he requested an extension of the deadline for satisfying his filing fee obligation. (Docket No. 5.) By order dated August 24, 2009, (Docket No. 6), the Court granted an extension of the fee payment deadline, and directed Plaintiff to pay his initial partial filing fee by no later than September 22, 2009. That order also reiterated the Court's prior warning that this action would be subject to summary dismissal if Plaintiff did not pay his initial partial filing fee on time.

The extended deadline for paying the initial partial filing fee has now passed, and Plaintiff still has not tendered any fee payment, nor has he offered any excuse for his failure to do so. Therefore, in accordance with the two prior orders in this case, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171

(8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

In light of the Court's recommendation that this action be dismissed pursuant to Rule 41(b), it is further recommended that Plaintiff's pending motion for appointment of counsel be summarily denied.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be **DENIED**;

2. Plaintiff's motion for appointment of counsel, (Docket No. 3), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: October 8, 2009          s/Arthur J. Boylan
                                ARTHUR J. BOYLAN
                                United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before October 26, 2009.