UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Rilwan Olasunkanmi Alowonle,

    Plaintiff,

v.

Department of Corrections – MCF/WRML
Corrections Worker Food Solutions (CWF),
Joan Fabian, Dan Hilleren, Becky Dooley,
Jim Benson, Sandy O'Hara, Julie Nummela,
Patrick Alan Stevens, Michelle Hendrickson,
Tammy Ward, Claudia Hahn,
Becky Pemberton, Sergeant Jerry Spiess,
Sergeant K. Oquist, and Lieutenant Haglund,

    Defendants.

Civil File No. 09-1898 (ADM/AJB)

**MEMORANDUM AND ORDER**

---

This matter is currently before the Court because of information recently reported by the Clerk's Office. Based on that information, the Court now finds that this action should be summarily DISMISSED, for the reasons discussed below.

Plaintiff commenced this action in July 2009, by filing a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) He did not tender any filing fee with his complaint, but instead submitted an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Magistrate Judge Arthur J. Boylan reviewed Plaintiff's IFP application and determined that because he was a prisoner, he could not be granted IFP status unless he first paid an initial partial filing fee, as required by 28 U.S.C. § 1915(b)(1). Magistrate Judge Boylan further found that, under the formula prescribed by § 1915(b)(1), Plaintiff was required to pay an initial partial filing fee in the amount of $39.65. Plaintiff was ordered to pay that amount within twenty days, and he was informed that if he failed to do so, he would be deemed to have abandoned this action, and it would

be recommended that this case be dismissed. (See Order dated August 3, 2009, [Docket No. 4].) At Plaintiff's request, the deadline for paying the initial partial filing fee was later extended to September 22, 2009. (See Order dated August 24, 2009, [Docket No. 6].)

Plaintiff did not pay his initial partial filing fee before the extended deadline. Therefore, Magistrate Judge Boylan recommended, in accordance with his prior orders, that this action should be dismissed pursuant to Fed. R. Civ. P. 41(b). (See Report and Recommendation, ["R&R"], dated October 8, 2009, [Docket No. 7].) Plaintiff filed an objection to the R&R, (Docket No. 8), which was construed to be a request for still more time to pay his initial partial filing fee.

On November 25, 2009, this Court entered an order, (Docket No. 10), which gave Plaintiff one final opportunity to pay his initial partial filing fee. That order expressly advised Plaintiff that if he did not pay his initial partial filing fee of $39.65 by December 15, 2009, this action would be dismissed.

On or about December 15, 2009, Plaintiff tendered a check to the Clerk of Court in the amount of $39.65. The Clerk accepted that check as payment of Plaintiff's initial partial filing fee, and the Court subsequently referred this matter back to the Magistrate Judge for further proceedings. (See Order dated January 11, 2010, [Docket No. 13].)

On or about January 19, 2010, the Court was informed that the check that Plaintiff tendered to the Clerk's Office, as payment for his initial partial filing fee, had been dishonored by the bank on which it was drawn.[1] Thus, the Court now finds that Plaintiff did <u>not</u> pay his initial partial filing fee on or before the deadline of December 15, 2009. Moreover, it is now more than six weeks after

---

[1] It is unclear whether the check was dishonored because of insufficient funds in the account on which it was drawn, or because that account was closed.

2

that deadline expired, (and more than five months past the original deadline established by Magistrate Judge Boylan's initial order in this case), and Plaintiff's initial partial filing fee still remains unpaid.

Because Plaintiff has failed to pay his initial partial filing fee in accordance with the Court's prior order of November 25, 2009, this action will now be dismissed. See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").[2]

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's Report and Recommendation, (Docket No. 7), is **ADOPTED**;

2. Plaintiff's Objection to the Report and Recommendation, (Docket No. 8), is **OVERRULED**;

3. Plaintiff's Application to Proceed In Forma Pauperis, (Docket No. 2), is **DENIED**;

4. Plaintiff's Motion for Appointment of Counsel, (Docket No. 3), is **DENIED**; and

5. This action is **DISMISSED WITHOUT PREJUDICE**

---

[2] Having determined that this action will now be dismissed, Plaintiff's pending IFP application, (Docket No. 2), and motion for appointment of counsel, (Docket No. 3), will be summarily denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery

ANN D. MONTGOMERY
United States District Court Judge

Dated: February 2, 2010